## Case No. 11,951a.

### ROBINSON v. GIFFORD.[1]

District Court, S. D. New York. March 2, 1832.

SEAMEN—RIGHT TO BE CURED—DAMAGES.

[Where a cabin boy sustains an injury in the service of his vessel, which renders the amputation of both legs necessary, he can only recover three dollars per week from the date of the surgical operation to the healing of his wounds, and costs and counsel fees.]

[Cited in Canfield v. Reed, Case No. 2,381.]

In the United States admiralty court, district of New York, on the 14th inst., was tried the case, Jacob Robinson v. James Gifford, master, and Jno. Ogden and Jno. McComb, owners, of the schooner Agenora. This (says the Journal of Commerce) was a libel filed against the first-named defendant, as captain, and the two latter, as owners, of the schooner Agenora, by the plaintiff, to recover damages sustained by him by being so frozen, while in the service of the vessel, that his legs had to be cut off between the ankles and knees, after he had come on shore. The case was allowed to go by default for the libellant, and the present hearing was had for the purpose of assessing the amount of damages which the defendants should pay.

Mr. Western, for libellant, stated the facts of the case: That the boy was shipped here by the captain of the vessel, as servant or cabin boy, to Curacoa. When the vessel was about to return from thence to N. Y., his name was entered on the ship's papers, when about to pass through the custom house, as belonging to the schooner. When off the coast, approaching to N. Y., the weather be-

---

1 [Not previously reported.]

came very tempestuous, and the boy was placed at one of the pumps to work, while the cook was placed at the other. The latter was, however, washed overboard, and the captain then took his place at the pump. It was while so engaged in pumping that the libellant, who appears to be about 17 or 18 years old, became frozen. On the 25th of December the schooner made the port of N. Y., and the libellant, who was unable to walk, crawled on his hands and knees to his sister's house. From thence he was carried to the N. Y. Hospital, and his legs, presenting symptoms of mortification, were amputated to save his life. The counsel also entered into an argument of great length, and cited various authorities, to show that where a person belonging to a ship's crew sustained damage in the service of the ship the ship was liable. He also cited numerous authorities to prove that owners of vessels are liable, not only for the negligent acts of the master, but for the mischiefs and wrongs committed by him in his vocation of master; that the liability of the master grew out of the necessary relation between master and servant.

On the other side it was represented that where there was a personal wrong by the captain, if any wrong was committed, and for such the captain only should be considered answerable; therefore no recovery could be had against the owners. With a view of enhancing the damages, the libellant's testimony averred that when he went on board he was destitute of sufficient clothing, and the captain promised to furnish this necessary to him, but did not do so until they were near the coast; and on the day of their arrival here, he was left alone on board.

On the other side, to lessen the damages, the mate of the ship testified that when the boy complained of cold he was furnished with clothing. The day he was placed at the pumps the men were all engaged aloft; and when the vessel arrived, he (the witness) merely went on shore to get his dinner, and when he returned the boy had left the vessel.

The counsel for the libellant demanded the value of the vessel and freight as an indemnity to the boy for the loss of his legs. In support of this demand, he cited several authorities on marine law.

BETTS, District Judge, made the following order in the case: Decree for libellant, and reference to the clerk of this court to ascertain at what time the libellant became cured of the injury received on board the brig Agenora (so far as the surgical operation upon his limbs and the healing of the limbs were concerned), and let a decree be entered that the libellant recover $3.00 per week from the 28th day of December, 1830, to that time, with his costs to be taxed. Decreed also, that $20.00 be paid for the expenses and counsel fee.